## M. J. P. SICKLES ET AL. v. J. E. LARGENT.

### (Case No. 3320.)

1. RES ADJUDICATA — PARTIES — SECOND SUIT.— A suit for community land, brought by the husband, was, after his death, prosecuted by the surviving wife, for herself, and as next friend of their only child, the result being a verdict and judgment for defendants. Within twelve months a second suit was brought by her in the same way. *Held*, that the former judgment was no bar to the second action allowed by the statute, and that the right to such second action was not affected by an amended petition, filed by her as executrix, more than twelve months after the date of the first judgment.

APPEAL from Collin. Tried below before the Hon. W. H. Andrews.

M. J. P. Haynes (now Sickles), as surviving wife of John W. Haynes, deceased, and as next friend of the minor Sallie Haynes, brought this suit against Largent, September 5, 1874, to try title to the land described in the petition, claiming that she was the surviving widow, and that the minor Sallie was the only child of John W. Haynes, deceased, who died intestate, etc. On April 16, 1875, an amended petition was filed, alleging that John W. Haynes died testate; that his will had been probated, and M. J. P. Sickles had qualified under the same as independent executrix; that the will was probated by the district court of Dallas county at the October term, 1873, and praying that she be made a party plaintiff in her right as such executrix. On the same day Largent filed what is in the record denominated a plea of *res adjudicata*, wherein it is averred that John W. Haynes in his life-time had sued appellee for the land in controversy, and died pending that suit; that appellant, as surviving wife and as next friend, made herself a party plaintiff in said case, and prosecuted the same to trial, which was had March 30, 1874, and which resulted in a final judgment in favor of appellee. Also averring that the judgment was final and conclusive as between the parties to this suit.

December 14, 1875, the parties submitted to the court the appellee's plea, upon the record. The court sustained the plea, holding that the former judgment was a bar to this suit, and rendering judgment final against appellants, from which this appeal was taken. The error assigned was that " the court erred in sustaining the defendant's plea of *res judicata*, filed April 24, 1875."

*Morgan & Gibbs* and *Jackson & Jackson*, for appellants.

WATTS, J. COM. APP.— Appellee asserts that as Mrs. Sickles did not make herself a party plaintiff in the capacity of executrix of the last will of her deceased husband until more than twelve months had elapsed from the rendition of the first judgment, that therefore this could not be maintained as a second suit of trespass to try title. And it was upon that theory that the court below proceeded in rendering the judgment against appellants.

Now if the suit as brought, and as it stood prior to the amendment in which the executrix as such becomes a party plaintiff, was so fatally defective as to parties that no cause of action was therein presented, it would certainly follow that the former judgment rendered against these plaintiffs in the same capacity would in no way affect the right of the executrix to maintain a suit for the land. Such a judgment would not, if that doctrine was true, be *res adjudicata* as to the executrix, nor would she be estopped thereby.

In the absence of anything appearing to the contrary in the record, the property sued for must be considered as community, of which the wife was entitled to one-half, subject to the payment of community debts. The statute then in force did not require the executrix to institute a suit for the trial of title to land until the court had made an order directing such suit. Gen'l Laws 1873, p. 112, sec. 10.

Whether under the statute such an order was or was not essential to the maintenance of the action by the executrix, is not necessary for us to determine. But where no such order is shown to have been made, it would seem to follow that those interested in the property might maintain the suit. And the coming in of the executrix, as such, does not constitute the dismissal of the old and the institution of a new suit.

The rule invoked by appellee, and applied by the court below, is not applicable to the circumstances of this case. For aught that appears upon the record, Mrs. Sickles was a proper party at the time the suit was brought; she, as surviving wife, had a substantial interest in the property that could not be defeated by the will of the husband, for her interest was equal to his; and after his death it could not be defeated by his will. And as she was a proper party plaintiff, the mere fact that another proper plaintiff was subsequently made, would not have the effect assigned to it by the court. There was no conflict of interest as between the plaintiffs. The executrix came in to assist and not to deprive the then plaintiffs of any right to recover the land. It appears that the plaintiff, in her capacity as executrix, was acting harmoniously with the other

plaintiffs, all bent upon the common object of trying the title to, and securing the land for, the estate and parties interested in it.

We conclude that the judgment of the court below was erroneous, and that it ought to be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered April 17, 1882.]